NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHERINE PAOLA MARTINEZ-CASTILLO; ANGEL SANTIAGO SOLORZANO-MARTINEZ; ANGEL GAEL SOLORZANO-MARTINEZ; ANGEL GEOVANY SOLORZANO-ORDONEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-4417 <br><br> Agency Nos. A220-489-971 <br> A220-675-111 <br> A220-489-972 <br> A220-489-973 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2025[**]
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Petitioners are a family from Honduras. Katherine Paola Martinez-Castillo

is the lead petitioner. She petitions for review of a decision by the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). Factual findings by the BIA are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.     Petitioner has failed to demonstrate past harm rising to the level of persecution.[1] "[S]ome circumstances that cause petitioners physical discomfort or loss of liberty do not qualify as persecution, despite the fact that such conditions have caused the petitioners some harm." *Fon v. Garland*, 34 F.4th 810, 813 (9th Cir. 2022) (quoting *Mihalev v. Ashcroft*, 388 F.3d 722, 729 (9th Cir. 2004)). Here,

---

[1]     Relying on *Wilkinson v. Garland*, 601 U.S. 209 (2024), Petitioner argues that we should review the agency's determinations regarding past persecution and well-founded fear of future persecution de novo. We need not resolve what standard applies here because the result is the same under either standard.

the threat sent by gang members to Petitioner, and the single instance of vandalism of Petitioner's home, are not enough to rise to the level of harm necessary to constitute persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir. 2005) (concluding that two anonymous and vague death threats "did not create a sense of immediate physical violence" and did not rise to the level of persecution).

2.     Petitioner has also failed to demonstrate a well-founded fear of persecution. "Absent evidence of past persecution, [a petitioner] must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (quoting *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)). Here, Petitioner lived in Honduras on and off for years without any issues following the gang members' threat and vandalism of her home. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) ("[T]he BIA may properly consider as significant a petitioner's continued safe and undisturbed residence in [her] homeland after the occurrence of the event which is alleged to have induced [her] fear."). Moreover, her family continues to live safely in Honduras. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future

3

persecution."). Accordingly, Petitioner has not provided evidence that she would be "'singled out individually for persecution'" or that "there is a systemic 'pattern or practice' of persecution against the group to which [she] belongs . . . such that, even without any evidence of individual targeting, [her] fear of persecution is deemed reasonable." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

3. Because Petitioner failed to show eligibility for asylum, she also failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

4. Substantial evidence supports the agency's determination that Petitioner failed to establish a particularized risk of torture. There is no evidence that Petitioner was tortured in the past and she fails to cite evidence that would compel the conclusion that she "will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

5. The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 30) and supplemental motion to stay removal (Dkt. No. 36) are otherwise **DENIED**.

**PETITION DENIED.**